**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 24, 2010
Decided July 7, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA D. ROVNER, *Circuit Judge*

No. 08-4303

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 05 CR 670 |
| DAVIS OMOLE, | |
| *Defendant-Appellant*. | Ronald A. Guzman, |
| | *Judge*. |

**O R D E R**

At Davis Omole's original sentencing hearing, the district court noted that Omole defrauded dozens of people out of approximately $90,000 as part of a sophisticated scheme. The court also commented on Omole's arrogance and lack of empathy. Later, however, the court commented on Omole's young age and its belief that time spent in prison would short-circuit the potential that Omole had to reform himself. The court then sentenced Omole to 36 months' imprisonment—12 months on a wire fraud count and the mandatory 24 months on an aggravated identity theft count—a sentence significantly below the recommended guideline range of 87 to 102 months' imprisonment.

The government appealed the sentence, and we reversed and remanded for resentencing

because

> we are left with widely divergent and seemingly irreconcilable pictures of this defendant. . . .
>
> We are not saying that any below-guidelines sentence for Davis would have been unreasonable. However, based on the sentencing transcript and the clearly disparaging comments the judge made about Davis, we find that the district court abused its discretion by imposing the 12-month sentence . . . .

*United States v. Omole*, 523 F.3d 691, 700 (7th Cir. 2008) (citation omitted).

On remand, the district court said that it had made the "disparaging" comments about Omole in an effort to scare him straight and that it still believed "that in terms of the punishment, the need and hope for rehabilitation, and in terms of prevention of future misconduct, . . . the sentence of imprisonment for this defendant at that time was appropriate." (App. at 20.) However, the court felt constrained by our remand opinion to give Omole "a sentence which is stiffer than what [it] felt was appropriate based upon the language that [the district court] used." (App. at 24-25.) The court then imposed a sentence of 63 months' imprisonment, a sentence at the lowest end of the guidelines range for the wire fraud count.

Omole appealed, arguing that the district court misread our remand opinion and improperly assumed that it was constrained to impose a sentence that the district court felt was unreasonable. The government argues that there is sufficient evidence in the record to sustain Omole's within-guidelines sentence.

We find that the district court's second resentencing of Omole was—as the district court stated—unreasonable. The problem with Omole's first sentence was that what the district court said did not square with what the district court did. Omole's second sentence suffers from the same problem. The court explained its harsh comments and its rationale for imposing a lower sentence, but it sentenced Omole to a higher sentence even though the district court judge himself—as noted—said that the higher sentence was unreasonable.

We are again left with "widely divergent and seemingly irreconcilable pictures of this defendant." The only justification that the district court appeared to give for the higher sentence was our remand opinion. But our opinion should not have been read to compel the district court to impose a guidelines sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (listing "treating the Guidelines as mandatory" and "failing to consider the § 3553(a) factors" as procedural errors that warrant vacating a sentence). We repeat, "[w]e are not saying that any below-guidelines sentence for Davis would have been unreasonable." *Omole*, 523 F.3d at 700.

We again remand to the district court to resentence Omole. The district court should feel free to impose whatever sentence it feels is reasonable and appropriate. To determine an appropriate sentence, the district court should consider the factors in § 3553(a) and specifically identify those factors that apply to Omole, subject to our discussion of some of those factors in our remand opinion. The district court should also expressly indicate that it understands the guidelines are advisory only, and that it is not compelled to impose a sentence within the recommended range. Given the history of this case, the more explicit the district court can be, the better.

We VACATE Omole's sentence and REMAND for resentencing.